# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| KELLER NORTH AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:24-cv-00426-KAC-DCP |
| ) | |
| MATTHEW HAMMETT, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## JOINT RULE 26(f) REPORT

On November 25, 2024, counsel for the parties held a Fed. R. Civ. P. 26(f) discovery planning meeting. Plaintiff was represented by attorney, Joseph P. Shelton, and Defendant was represented by attorney, Joseph Hubbard. Counsel for the parties discussed the subject matter and deadlines addressed by Fed. R. Civ. P. 26(f) and agreed to the following plan:

 A. **INITIAL DISCLOSURES:** The parties will exchange initial disclosures on or before December 20, 2024.

 B. **DISCOVERY:** Discovery will be needed on the Plaintiff's claims and the Defendant's defenses to those claims. The parties believe that discovery can be completed in this case by October 1, 2025. The parties will not submit written discovery requests until the requesting party has first served initial disclosures on the other party. The parties anticipate that expert testimony may be necessary and request deadlines for the Plaintiff and Defendant to disclose experts and for both parties to disclose rebuttal experts. The parties at this time do not request any other formal phases for discovery but will attempt to cooperatively make discovery requests and

set depositions of the various witnesses with the goal of obtaining factual discovery before disclosing or deposing expert witnesses, insofar as is reasonably possible.

      **C.** **ELECTRONIC DISCOVERY**: Upon conferring with all counsel, it is anticipated that electronically stored information ("ESI") may be sought during discovery. To the extent that disclosure or discovery of such information becomes an issue, the parties will meet to confer over the handling of the same and will supplement this Discovery Plan accordingly. Generally, when ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Upon reasonable request, electronic mail, word processor, spreadsheet, database, and other software data files shall be produced in native format. Otherwise, the parties will have the option of producing the documents in paper form or providing the information in static pdf format. If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g., which fields of metadata will be produced) and attempt to reach an agreement. If advanced search methodologies become necessary, the parties agree to confer in advance in an attempt to reach agreement regarding the method of culling voluminous materials. In the absence of agreement of issues regarding discovery of electronically stored information, the parties shall request a scheduling conference.

      **D.** **PRIVILEGED AND TRIAL PREPARATION MATERIALS**: The parties agree that claims of privilege or of protection as trial-preparation material, including procedures to assert these claims after inadvertent production, will be governed by Rules 26(b)(3) and 26(b)(5) of the Federal Rule of Civil Procedure and Federal Rule of Evidence 502.

      **E.** **SETTLEMENT POTENTIAL**: The parties have discussed the possibility for settlement in this case and have determined that there is a possibility of a pretrial settlement. The

parties also agree that some discovery may be necessary before any authoritative statement regarding the potential for settlement can be made.

  **F.** **TRIAL LENGTH:** The parties estimate that the trial of this matter will take approximately three (3) days. However, the parties will update the Court if this estimate should change. At this time, the parties anticipate this case may be ready for trial by spring of 2026.

  **G.** **DISCOVERY LIMITATIONS:** The parties agree that the limitations imposed on discovery by the Federal Rules of Civil Procedure, the Court's Scheduling Order, and the Court's local rules govern this case.

  **H.** **ADDITIONAL MATTERS:**

  **(1)** **Service of Documents.** The parties have agreed to accept service by email of any document required to be served under Federal Rule of Civil Procedure 5, including discovery documents. If service is to the Plaintiff, it should be made to jshelton@fisherphillips.com. If service is to the Defendant, it should be made to joseph.hubbard@polsinelli.com.

**JOINTLY SUBMITTED:**

*/s/ Joseph P. Shelton*
Joseph P. Shelton (TN Bar No. 037426)
**FISHER & PHILLIPS LLP**
424 Church Street, Suite 1700
Nashville, TN 37219
Telephone: (615) 488-2900
Facsimile: (615) 488-2928
Email: jshelton@fisherphillips.com

*Counsel for Plaintiff*

*/s/ Joseph Hubbard*
Joseph Hubbard (TN Bar No. 029226)
**POLSINELLI PC**
501 Commerce Street, Suite 1300
Nashville, TN 37203
Telephone: (615) 252-3940
Facsimile: (615) 259-1573
Email: joseph.hubbard@polsinelli.com

*Counsel for Defendant*