UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLER NORTH AMERICA, INC., | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:24-CV-426-KAC-DCP |
| MATTHEW HAMMETT, | ) |
| Defendant. | ) |

**ORDER TRANSFERRING CASE**

This action is before the Court on the Parties' "Joint Motion for Transfer of Venue" [Doc. 17]. On October 24, 2024 Plaintiff filed this action in the Eastern District of Tennessee for Defendant's purported breach of contract [*See* Doc. 1 at 7-8]. On February 12, the Parties filed the instant Motion, requesting that the Court "transfer this case to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. [§] 1404(a)" because there are "three other cases currently pending there" related to this action [*Id.* at 1 (citing *Keller North America, Inc., v. Justin McLaughlin*, No. 3:24-cv-01271 (M.D. Tenn.); *Keller North America, Inc., v. Jordan Moi*, No. 3:24-cv-01272 (M.D. Tenn.); *Keller North America, Inc., v. Siavash Amirrahmat*, No. 1:24-cv-00098 (M.D. Tenn.))]. And the "[P]arties consent to the venue transfer so that this case may be assigned to the same District Judge and consolidated with" those three (3) cases in the Middle District of Tennessee [*See id.*].

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.

1

§ 1404(a). "[D]istrict courts have broad discretion to determine when party convenience or the interests of justice make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (cleaned up). "A district court ruling on a motion to transfer under 28 U.S.C. § 1404(a) should consider 'the private interests of the parties, including their convenience and the convenience of potential witnesses,' public-interest concerns, as well as whether the transfer is in the interests of justice." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (quoting *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).

Here, there are three (3) cases already pending in the Middle District of Tennessee that the Parties would seek to consolidate with this action after transfer [*See id.* at 1]. All Parties have consented to transfer this action to the Middle District of Tennessee, which would appear to have jurisdiction over this action under 28 U.S.C. § 1332 [*See* Docs. 1 at 2-3, 17 at 1]. Defendant also agrees to transfer this action, rendering venue in the Middle District of Tennessee proper. 28 U.S.C. § 1404(a). And because all Parties agree to transfer, no Party would be inconvenienced or prejudiced by transferring this action to the Middle District of Tennessee [*See id.*]. And a transfer is in the interests of justice, producing potential efficiencies for the Parties and the Court. *See* 28 U.S.C. § 1404(a). Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Transfer of Venue" [Doc. 17]. The Court **ORDERS** the Clerk to **TRANSFER** this action to the Middle District of Tennessee and to close this Court's file.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge